UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MUCHACHIE NYAMWEYA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; et al.,<br><br>Respondents. | Case No.: 26-cv-275-BJC-SBC<br><br>**ORDER SETTING BRIEFING SCHEDULE ON THE WRIT AND PROHIBITING TRANSFER OF PETITIONER**<br><br>[ECF No. 1] |

On January 16, 2026, Jeffrey Nyamweya ("Petitioner") filed his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a native of Kenya. *Id.* at 2. In July 2008 an immigration judge granted his application for withholding of removal and protection under the Convention Against Torture. *Id*. In August 2008, Petitioner was placed on an order of supervision. *Id.* On November 4, 2025, Immigration Customs and Enforcement ("ICE") arrested and detained Petitioner. *Id.* at 8.

On November 10, 2025, Petitioner filed his first petition for a writ of habeas corpus with this Court. *See Nyamweya v. LaRose*, 3:25- cv-3094-BJC-VET (S.D. Cal. December 10, 2025). On December 10, 2025, this Court found his detention unlawful and enjoined the Respondents from re-detaining him "unless there has been a change in circumstances that creates a reasonable likelihood of his removal in the foreseeable future." *Id.*

On January 12, 2026, Petitioner appeared for his scheduled appointment with ICE.

1

ECF No. 1 at 3. Respondents issued a Notice of Removal claiming that changed circumstances rendered Petitioner expeditiously removable to Cameroon. *Id.* Respondents then revoked his order of supervision and arrested him. *Id.* Petitioner has remained in detention since his arrest on January 12, 2026.

The Court finds a limited stay is necessary to preserve the *status quo* to allow the Court to hold the hearing and provide a reasoned decision on the pending motion. *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 (D. Or. July 16, 2025) (finding an order under the All Writs Act, 28 U.S.C. § 1651, necessary to prevent the arrest, detention or deportation of the plaintiff while the parties litigate the merits of the plaintiff's motion for injunctive relief); *A.M. v. Larose et al*, No. 3:25-CV-1412, ECF No. 2 (S.D. Cal. June 4, 2025) (enjoining the defendants, under the All Writs Act, from removing the plaintiffs from the Southern District of California to preserve the court's jurisdiction).

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Respondents shall file a response to the writ of habeas corpus no later than close of business on **February 9, 2026**.

2. Petitioner may file a reply no later than close of business on **February 16, 2026**.

3. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this District pending further order of the Court, to maintain the *status quo* to allow the Court to hold a hearing and provide a reasoned decision to the request at hand.

**IT IS SO ORDERED**.

Dated: February 2, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge